# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 50077 - 1 | **DATE** | 3/13/2003 |
| **CASE TITLE** | | USA vs. Hedberg | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

USA's motion to disqualify

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the government's motion to disqualify is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| X | Notices mailed by judge's staff. | | | MAR 13 2003 | | |
| | Notified counsel by telephone. | | | date docketed | | |
| | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | 3-14-03 | | |
| /LC | courtroom deputy's initials | | date/time received in central Clerk's Office | date mailed notice | | |
| | | | | SW mailing deputy initials | | |

CLERK
U.S. DISTRICT COURT

03 MAR 13 PM 3:05

FILED-WD

# MEMORANDUM OPINION AND ORDER

Defendant, Russell Glen Hedberg, has been charged in a twenty-two count indictment with embezzlement from, and making false entries in the books of, an independent insurance agency, see 18 U.S.C. §§ 1033(b)(1)(A), (c)(1), causing banks to not file currency transaction reports, see 31 U.S.C. § 5324(a)(1), and filing false tax returns. Before the court is the government's motion to disqualify Hedberg's retained counsel, Paul Gaziano, on the basis of a conflict of interest between Gaziano and a government witness. Hedberg has responded to this motion and submitted additional materials in support of his response. The government has not filed any reply.

District courts have broad discretion to fashion remedies to avoid conflicts of interest among defense counsel. See Wheat v. United States, 486 U.S. 153, 163 (1988); United States v. Messino, 181 F.3d 826, 830 (7th Cir. 1999). The three traditional remedies for resolving such conflicts of interest are disqualification of the defense attorney, limiting examination of the witness to protect confidential communications, or obtaining a knowing and intelligent waiver of the conflict. See Messino, 181 F.3d at 830; United States v. O'Malley, 786 F.2d 786, 790 (7th Cir. 1986).

The nature of the conflict in this case stems from attorney Gaziano's prior representation of a woman by the name of Teresa Lemmons, who is expected to be a material government witness at trial. Specifically, Gaziano briefly represented Lemmons when she appeared to testify before the grand jury in this case and attended an interview with the Assistant U.S. Attorney and other federal agents. In his response to the government's motion to disqualify, however, Hedberg has attached affidavits both from himself and, more importantly, Lemmons. In her affidavit, Lemmons states she has "no objection to Mr. Gaziano's representing Mr. Hedberg and . . . hereby waive[s] any alleged or possible conflict of interest Mr. Gaziano may have. I also waive any claim of privilege I may have to any confidential information that Mr. Gaziano may have obtained from my prior representation by him." Hedberg similarly has waived any conflict of interest that may exist between attorney Gaziano and Lemmons.

In light of these affidavits, the court sees no reason to disqualify attorney Gaziano. Because Lemmons has voluntarily consented to waive any claim of privilege she has with respect to confidential information Gaziano may have acquired during the course of his representation of Lemmons, Gaziano no longer labors under any conflict of interest in using such information to cross-examine Lemmons on behalf of Hedberg. See United States v. Jeffers, 520 F.2d 1256, 1265 (7th Cir. 1975) (where defense attorney previously represented government witness, "it is the witness, rather than the defendant, who should object to the cross-examination by his former attorney"; court suggested that witness can waive any claim of privilege to confidential information to avoid conflict of interest). The court also notes the very brief and limited scope of Gaziano's representation of Lemmons weighs against disqualifying Gaziano.

For the reasons stated above, the government's motion to disqualify is denied.